THE JEWETT LAW GROUP, INC.
BRADLEY E. JEWETT (BAR NO. 222773)
3047 Oakhurst Avenue
Los Angeles, California 90034
Phone: (310) 876-1128
Fax: (310) 876-1081
E-mail: Brad@JewettLawGroup.com

Attorneys for Plaintiff
EDEN SURGICAL CENTER,
a California medical corporation

FILED
CLERK, U.S. DISTRICT COURT
JUL 21 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDEN SURGICAL CENTER, a California medical corporation,<br><br>Plaintiff,<br><br>v.<br><br>DW MANAGEMENT SERVICES, LLC, in its capacity as Administrator of the DW Management Services, LLC, Group Health Plan; DW MANAGEMENT, LLC, GROUP HEALTH PLAN,<br><br>Defendants. | Case No. **ACV11-6015AGR**<br><br>**COMPLAINT PURSUANT TO THE EMPLOYEES RETIREMENT INCOME SECURITY ACT OF 1974 FOR:**<br>1. DISCLOSURE AND STATUTORY PENALTIES UNDER 29 U.S.C. §1132(c) AND 29 U.S.C. §1132(a)(1)(A);<br>2. DISCLOSURE AND STATUTORY PENALTIES UNDER 29 C.F.R. §2560.503-1<br>3. BENEFITS UNDER 29 U.S.C. §1132(a)(1)(B). |

Plaintiff Eden Surgical Center respectfully alleges as follows:

1. Plaintiff Eden Surgical Center ("Eden") at all times mentioned herein, was and is a California medical corporation conducting business in the County of Los Angeles, in the State of California.

[1]

2. Eden is informed and believes, and on that basis alleges, that defendant DW Management, LLC, Group Health Plan (the "Plan") is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), and the regulations promulgated thereunder.

3. Eden is informed and believes, and on that basis alleges, that defendant DW Management, LLC, ("DWM"), at all times mentioned herein, was and is a corporation with a group employee welfare benefit plan that can be found and is administered in the County of Los Angeles, in the State of California. Eden is further informed and believes, and on that basis alleges, that DWM sponsors, maintains and is the administrator for the Plan, and is a named defendant in this action in its capacity as the administrator for the Plan.

4. The jurisdiction of this Court is proper under 29 U.S.C. §1132(e), as this is a civil action under Section 502 of ERISA. All statutory references are to ERISA, which is codified at Title 29.

5. The venue of this action in this Court is proper under 29 U.S.C. §1132(e)(2), as the Plan and DWM may be found, and are administered in California's Central Judicial District, in the County of Los Angeles, State of California.

**Eden's Standing**

6. Eden hereby sues DWM and the Plan derivatively, appearing before this Court as the assignee of its patient, the plan participant who, for the purposes of this pleading, is identified by her initials as "GB" (the "Plan Participant"). As a derivative suitor, Eden stands in the shoes of the assignor, and invokes the jurisdiction of the Court to enforce the Plan Participant's ERISA rights.

7. Subject matter jurisdiction of this Court is proper under 28 U.S.C. §1331, as Eden possesses and presents a colorable claim under ERISA.

///

///

///

### The Plan and the Administration Thereof

8. Eden is informed and believes, and thereon alleges that United Health Care (or an affiliate or subsidiary thereof) ("UHC"), serves as the claims administrator for the Plan.

9. DWM, in its capacity as the plan administrator, is liable for the ERISA disclosure violations at issue in this lawsuit; the Plan is liable for the benefits violation in this lawsuit.

### The Patients

10. Eden is informed and believes, and on that basis alleges, that at all times mentioned herein, the Plan Participant was a covered beneficiary under the Plan.

11. Prior to providing medical care, Eden verified with the Plan that the Plan Participant was a covered beneficiary under the Plan.

12. Prior to receiving medical care from Eden, the Plan Participant assigned her benefits and ERISA representative rights under the Plan to Eden. Pursuant to this assignment, Eden is a "beneficiary" of the Plan, within the meaning of the term, under 29 U.S.C. § 1002(8).

13. Based upon the information provided and the representation of coverage made to Eden by the Plan, Eden provided medical services to the Plan Participant on March 24, 2009.

14. Following these medical services, Eden submitted a HCFA 1450 claim form, with itemized lists of expenses, to the Plan for reimbursement of the medical procedures that were performed on the date of service ("Eden's Claim").

15. Thereafter, the Plan issued an adverse benefit determination on Eden's Claim, reflecting an improper manipulation of the reimbursement rate.

### Eden's Document Production Demand

16. On May 4, 2009, Eden demanded, in writing, that DWM produce the contracts, agreements and documents under which the Plan is established and/or operated, including all relevant information, records and documents regarding the

processing of Eden's initial Claim (the "Documents"), pursuant to 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560-503.1 paragraphs (g), (h) and (m).

17. On June 3, 2009, DWM produced the DWM Group Policy (SPD) and Certificate of Coverage, however no further documents or information was produced.

18. Following receipt of the SPD, Eden renewed its request to DWM for all relevant information, records and documents regarding the processing of Eden's Claim (the "Documents"), pursuant to 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560-503.1 paragraphs (g), (h) and (m).

19. DWM has failed and refused, and continues to fail and refuse to respond to Eden's numerous requests for relevant information, records or documents required under 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560.503-1.

20. Administrative remedies were exhausted with respect to Eden's Claim based on the defective notices provided by DWM and the Plan and the failure of the DWM and the Plan to provide an appropriate appeal process, as these delinquencies failed to comply with 29 C.F.R. §2560.503-1, paragraph (l); (Failure to Follow Reasonable Claims Procedures).

21. As of the date this Complaint was filed, DWM has failed and refused to produce any relevant documents that explain how Eden's Claim was processed and the reasons for or methodology behind the repricing of the claim. DWM failed to disclose the data and methodology used to process Eden's Claim, as well as the name(s) and credentials of the individual(s) that processed the claim. Indeed, DWM failed and refused to produce any information that would enable Eden to understand the operation of the Plan with respect to its administration and processing of Eden's Claim.

22. Based on DWM's conduct, Eden was denied the opportunity to know exactly where it stands with respect to the Plan and the operation thereof regarding the claims administration for medical services provided to the Plan Participant.

THE JEWETT LAW GROUP, INC.

[4]

COMPLAINT FOR DISCLOSURE, PENALTIES AND BENEFITS

# FIRST CAUSE OF ACTION
# FOR DISCLOSURE AND STATUTORY PENALTIES FOR
# FAILURE TO DISCLOSE REQUIRED DOCUMENTS
# UNDER 29 U.S.C. §1024(b)(4)

23. Eden realleges and incorporates herein by this reference paragraphs 1 through 22, inclusive, of this Complaint.

24. As an ERISA fiduciary and plan administrator, DWM had a duty to provide complete disclosure of the Documents upon the written request from Eden, and if necessary, to obtain such documents not in its possession from its subordinate claims administrator.

25. DWM breached this duty by producing only a single document, and failed and refused to produce any of the additional required Documents after receiving Eden's written request, in violation of 29 U.S.C. §1024(b)(4).

26. DWM failure to produce the required Documents denied Eden the opportunity to know exactly where it stands with respect to the Plan and the operation thereof regarding the claims administration of Eden's Claim.

27. Accordingly, DWM should be ordered to disclose all of the Documents identified herein, and subject to the statutory penalty prescribed by 29 U.S.C. §1132(c), in the amount of $110.00 per day, commencing on July 4, 2009 through and including the date judgment is entered in this action, or the date that all of the requested Documents are received, whichever comes first.

28. In addition, Eden is entitled to an award of the reasonable attorneys' fees incurred in this action, pursuant to 29 U.S.C. §1132(g)(1).

///
///
///
///

## SECOND CAUSE OF ACTION
## FOR DISCLOSURE AND STATUTORY PENALTIES FOR
## FAILURE TO DISCLOSE REQUIRED DOCUMENTS
## UNDER 29 C.F.R. §2560.503-1.

29. Eden realleges and incorporates herein by this reference paragraphs 1 through 28, inclusive, of this Complaint.

30. As an ERISA fiduciary and administrator of the Plan, DWM had a duty to provide complete disclosure of the Documents upon the written request from Eden, and if necessary, to obtain such documents not in its possession from its subordinate claims administrator.

31. DWM breached this disclosure duty by failing and refusing to produce all of the required Documents after receiving Eden's written request, in violation of 29 C.F.R. §2560.503-1 paragraphs (g), (h) and (m).

32. DWM's failure to produce the required Documents denied Eden the opportunity to know exactly where it stands with respect to the Plan and the operation thereof regarding the processing of Eden's Claim.

33. Accordingly, DWM should be ordered to disclose all of the Documents identified herein, and subject to the statutory penalty prescribed by 29 U.S.C. §1132(c), in the amount of $110.00 per day, commencing on July 4, 2011, through and including the date judgment is entered in this action, or the date that all of the requested Documents are received, whichever comes first.

34. In addition, Eden is entitled to an award of the reasonable attorneys' fees incurred in this action, pursuant to 29 U.S.C. §1132(g)(1).

///
///
///
///

## THIRD CAUSE OF ACTION
## FOR BENEFITS
## UNDER 29 U.S.C §1132(a)(1)(A)

35. Eden realleges and incorporates herein by this reference paragraphs 1 through 34, inclusive, of this Complaint.

36. As the Plan Participant's assignee, Eden is entitled to receive certain benefits under the Plan.

37. Eden was unlawfully denied these benefits with regard to the subject claim for reimbursement.

38. Eden attempted to gain information regarding these adverse benefit determinations which would have allowed it to file appropriate appeals, but Eden's request for disclosure were rebuffed by the Plan, as Eden received insufficient documentation.

39. Eden is entitled to damages from the Plan as compensation for the benefits it was entitled to receive but was unlawfully denied by the Plan.

40. In addition, Eden is entitled to an award of the reasonable attorneys' fees incurred in this action, pursuant to 29 U.S.C. §1132(g)(1).

## PRAYER

WHEREFORE, plaintiff Eden Surgical Center prays for judgment against defendants DWM and the Plan, as follows:

## ON THE FIRST AND SECOND CAUSES OF ACTION

1. For an order or judgment of the Court compelling DWM's immediate production of all Documents requested by plaintiff Eden Surgical Center, in accordance with 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560.503-1 paragraphs (g), (h) and (m).

2. For an award of the statutory penalties under 29 U.S.C. §1132(c) in the amount of $110.00 per day, through and including the date judgment is entered in this action, or the date that all of the requested Documents are received, whichever comes first.

## ON THE THIRD CAUSE OF ACTION

1. For an award of compensatory damages against the Plan in an amount to be proven at trial, based, *inter alia*, on the benefits the Plan Participant and Eden were entitled to receive under the Plan.

## ON ALL CAUSES OF ACTION

1. For an award of plaintiff Eden Surgical Center's attorneys' fees incurred in this action, pursuant to 29 U.S.C. §1132(g)(1);

2. For an award of plaintiff Eden Surgical Center's costs of suit incurred herein; and

3. For such other and further relief as the Court deems just and proper.

Dated: July 20, 2011                    THE JEWETT LAW GROUP, INC.

By: _____
BRADLEY E. JEWETT
Attorneys for Plaintiff
Eden Surgical Center

Name & Address: Bradley E. Jewett, Esq. (222773)
The Jewett Law Group, Inc.
3047 Oakhurst Avenue
Los Angeles, CA 90034
Tel: (310) 876-1128 / Fax (310) 876-1081
Brad@JewettLawGroup.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eden Surgical Center, a California medical corporation <br><br> PLAINTIFF(S) <br> v. <br> DW Management Services, LLC, in its capacity as Administrator of the DW Management Services, LLC, Group Health Plan; DW Management, LLC, Group Health Plan, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **LACV11-6015 AGR** <br><br><br> SUMMONS |

TO: DEFENDANT(S): DW Management Services, LLC, in its capacity as Administrator of the DW Management Services, LLC, Group Health Plan; DW Management, LLC, Group Health Plan

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Bradley E. Jewett, Esq.__, whose address is __3047 Oakhurst Avenue, Los Angeles, CA 90034__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JUL 21__                    By: __[signature]__
                                           Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                 SUMMONS

Name & Address: Bradley E. Jewett, Esq. (222773)
The Jewett Law Group, Inc.
3047 Oakhurst Avenue
Los Angeles, CA 90034
Tel: (310) 876-1128 / Fax (310) 876-1081
Brad@JewettLawGroup.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eden Surgical Center, a California medical corporation<br><br>PLAINTIFF(S)<br>v.<br>DW Management Services, LLC, in its capacity as Administrator of the DW Management Services, LLC, Group Health Plan; DW Management, LLC, Group Health Plan,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>LACV11-6015 AGR<br><br>SUMMONS |

TO: DEFENDANT(S): DW Management Services, LLC, in its capacity as Administrator of the DW Management Services, LLC, Group Health Plan; DW Management, LLC, Group Health Plan

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Bradley E. Jewett, Esq.__, whose address is __3047 Oakhurst Avenue, Los Angeles, CA 90034__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JUL 21__        By: __SUSANA P. BUSTAMANTE__
                                Deputy Clerk
                            (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                   SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Eden Surgical Center, a California medical corporation

**DEFENDANTS**
DW Management Services, LLC, in its capacity as Administrator of the DW Management Services, LLC, Group Health Plan; DW Management, LLC, Group Health Plan

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Bradley E. Jewett, Esq. (222773) / The Jewett Law Group, Inc.
3047 Oakhurst Avenue, Los Angeles, CA 90034
Tel (310) 876-1128 / Fax (310) 876-1081 / Brad@JewettLawGroup.com

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT:** $ benft/penalties exceeding $95,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Disclosure and penalties per 29 USC 1132(c) and 1132(a)(1)(A); Disclosure and penalties per 29 CFR 2560.503-1; Benefits 29 USC 1132(a)(1)(B)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☑ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

LACV11-6015

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Eden Surgical Center - Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Both Defendants - Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** [signature]   Date July 20, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |